UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIS APARICIO M. C.,[1]
(A-Number: 240-372-218)

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No.  1:26-cv-03162-JLT-FJS (HC)

FINDINGS AND RECOMMENDATION TO GRANT PETITION

[10-DAY DEADLINE]

Petitioner Alexis Aparicio M. C. is an immigration detainee proceeding with a petition for writ of habeas corpus. (ECF No. 1.) On April 29, 2026, the court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the court's prior orders in *R.P.V., v. Minga Wofford, et al.*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez, v. Christopher Chestnut, et al.*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026);

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

*J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). (ECF No. 4.) On May 1, 2026, Respondents filed a response in which they "acknowledge[] that the current case mirrors the issues in numerous cases decided by this court and most of the courts in the Eastern District of California in the last several months finding the government's legal position to be incorrect and the alien's detention unlawful." (ECF No. 5 at 1.) Nevertheless, Respondents disagree with the court's statutory interpretation in those cases.

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's prior decisions noted above, the court will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

Respondents request that if the court recommends granting the Petition, Respondents requests that they "not be enjoined from detaining Petitioner to execute a final order of removal if one becomes available." (ECF No. 5 at 2.) A separate carve out for hypothetical future immigration enforcement activity should be unnecessary so long as Respondents honor the *res judicata* effects of granting this Petition. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (9th Cir. 1896) (affirming the release of an immigrant who was arrested on re-examination after previously obtaining habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that were in issue in the [earlier habeas] proceeding").

RECOMMENDATION

Accordingly, the court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately.

This Findings and Recommendation is submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may

2

file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   **May 4, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3