**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXIS APARICIO M. C.,<br>(A-Number: 240-372-218)<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 1:26-cv-03162 JLT FJS (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 7)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER A BOND HEARING, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Alexis Aparicio M. C. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 5, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the Petition and immediately release Petitioner. (Doc. 7.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 7.) On May 14, 2026, Respondents filed objections. (Doc. 8.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis in part. The Court concurs that the Petition should be granted. However, the Court departs as to the appropriate remedy because Petitioner has not yet been formally evaluated by any immigration authority regarding his flight

1

risk or danger to the community.[1] For this reason, Petitioner's circumstances are materially indistinguishable from other cases in which this Court has granted bond hearings to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *See, e.g.*, *R.P.V. v. Wofford*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887, at *1 (E.D. Cal. Mar. 6, 2026). Thus, the Court **ORDERS**:

1.    The Findings and Recommendations issued on May 5, 2026, (Doc. 7), are **ADOPTED IN PART**.

2.    The petition for writ of habeas corpus is **GRANTED**.

3.    Respondents are **ORDERED** to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and/or presents a flight risk if not detained.

4.    At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5.    This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    **May 21, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Petitioner alleges he has lived in the United States for over 20 years, as a child who is a U.S. Citizen, and has no criminal history. (Doc. 1 at 5.) Respondents have not disputed these allegations. (*See* Doc. 5.)

2